IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF KANSAS


THE JOHN ALLAN COMPANY,              )
                                     )
                    Plaintiff,       )    **CIVIL ACTION**
                                     )
v.                                   )    No.  05-1150-MLB
                                     )
THE CRAIG ALLEN COMPANY L.L.C,       )
CRAIG ALLEN TATRO, and ERIK DAVID    )
LESCHUK,                             )
                                     )
                    Defendant.       )
                                     )

                          **MEMORANDUM AND ORDER**

    On June 7, 2007, this court entered a Memorandum Decision in this case.  (Doc. 102).  Currently before the court are both parties requests for costs pursuant to Fed. R. Civ. P. 54(d) and defendants' motion for attorney's fees.  (Docs. 104, 105, 107).  All motions are denied.

**I.   PROCEDURAL HISTORY**

    After a three-day trial to the court, this court entered the following decision:

> The court finds in favor of plaintiff on its claims against defendant for infringing on its marks John Allan's & JA circle logo, JA circle logo and "A RETURN TO A SIMPLER TIME."  The court finds in favor of defendants on plaintiff's claims of trade dress infringement and trademark infringement of the marks John Allan's, "MEN'S SERVICE REDISCOVERED."
>
> * * *
>
> Plaintiff's request that defendants be enjoined from using the initial CA circle logo, the initial Craig Allen's & CA circle logo and the mark "A RETURN TO A SIMPLER TIME" is therefore denied.
> Plaintiff's request that defendants be enjoined from

>using the name Craig Allen's and the mark "MEN'S SERVICE REDISCOVERED" is also denied since the court found that defendants' use of those marks have not infringed on plaintiff's protectable marks. Since plaintiff has failed to establish that it has a protectable trade dress, plaintiff's request that defendants be enjoined from using its trade dress is denied.

(Doc. 102 at 39-40).

**II.   ANALYSIS**

   A.   Costs

Under Fed. R. Civ. P. 54(d), "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Typically, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)[1]." Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1234 (10th Cir. 2001). To qualify as a prevailing party, a plaintiff must obtain at least some relief on the merits of its claim. See Farrar v. Hobby, 506 U.S. 103, 111 (1992).[1] In other words, a plaintiff must obtain an enforceable judgment against defendant from whom costs are sought. Id. Moreover, whatever relief a plaintiff obtains must directly benefit plaintiff at the time of the judgment or settlement. Id.; Case v. Unified School Dist. No. 233, Johnson County, Kan., 157 F.3d 1243, 1249 (10th Cir. 1998) Otherwise, the judgment or settlement cannot be said to

---

[1] Although the Supreme Court's decision in Farrar addressed prevailing party status in the context of a party seeking attorneys' fee under 42 U.S.C. § 1988, the test for prevailing party status under Rule 54(d) is the same as the test for prevailing party status under § 1988. See Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Studiengesellschaft Kohle v. Eastman Kodak Co., 713 F.2d 128, 132 (5th Cir. 1983). Indeed, in her concurring opinion in Farrar, Justice O'Connor suggests that the standard for determining whether a party is a "prevailing party" would be the same under § 1988 as it would be under Rule 54(d). See Farrar, 506 U.S. at 120 ("Just as a Pyrrhic victor would be denied costs under Rule 54(d), so too should it be denied fees under § 1988.").

"affec[t] the behavior of the defendant toward the plaintiff." <u>Farrar</u>, 506 U.S. at 111. (quoting <u>Rhodes v. Stewart</u>, 488 U.S. 1, 4 (1988)). In essence, a plaintiff "prevails" when actual relief on the merits of its claim materially alters the legal relationship between the parties by modifying defendant's behavior in a way that directly benefits plaintiff. <u>Id.</u> at 112; <u>Sinajini v. Board of Educ. of San Juan School Dist.</u>, 233 F.3d 1236, 1240 (10th Cir. 2000).

In this case, both plaintiff and defendants are seeking costs. Both plaintiff and defendants "prevailed" on three claims.[2] Plaintiff asserts that it is the prevailing party because the court found that defendants had infringed on three of its trademarks. While defendants may have altered their conduct at the beginning of the lawsuit, the status of prevailing party is bestowed on plaintiff if the relief on the merits of the claim alters the legal relationship. <u>Farrar</u>, 506 U.S. at 111. However, plaintiff's victory is a technical one because its request for injunctive relief was denied as unnecessary. In addition, the result of the judgment in this case has not altered the relationship between the parties. Defendants are free to continue their business as they have for the past two years and plaintiff's marks have been found to be valid, with the exception of its trade dress.

---

[2] Plaintiff's complaint stated a total of nine claims. Counts eight and nine were abandoned by plaintiff at some point; the record is not clear. Of the remaining seven claims, they included both registered and unregistered marks. Plaintiff prevailed on counts 1, 2, and partially on counts 5 and 6. Defendants prevailed on counts 3, 7, and partially on counts 5 and 6. Accordingly, for the sake of simplicity, both parties prevailed at trial on three claims. In the end, the case was a draw insofar as counts are concerned.

Defendants assert that they are the prevailing party because they had ceased using plaintiff's marks at the time the lawsuit was filed and plaintiff's trade dress claims were without merit.  Although the court determined that an injunction was unnecessary, it does not alter the decision by the court that defendants purposefully and intentionally copied plaintiff's marks.[3]  Plaintiff did prevail on three of its six trademark infringement claims.  While the court did not find for plaintiff on the remaining three claims, it does not agree with defendants' assertions that plaintiff's claims were without merit.

Both parties cannot be a prevailing party under Rule 54(d). Barber, 254 F.3d at 1234-35(citing Fed. R. Civ. P. 54(d)(1) (using "the prevailing party," not "prevailing parties"); see also EEOC v. L.B. Foster Co., 123 F.3d 746, 750 (3d Cir. 1997) (noting that "[t]he 'prevailing party' can be either the plaintiff or the defendant"); Commonwealth Oil Ref. Co. v. EEOC, 713 F. Supp. 223, 227 (W. D. Tex. 1989) (stating that "the determination that one party prevailed necessarily entails a determination that the other party lost").

The court concludes that plaintiff cannot be the prevailing party since it did not receive any requested relief and the parties' relationship was not altered by the decision in this case.  Likewise, defendants are not the prevailing party because they only "prevailed" on three out of the six claims in the case.  "[I]n cases in which

---

[3] The ultimate outcome in this case was driven, in large part, by legal intricacies.  In terms of the facts alone, defendant Tatro, and to a lesser extent, defendant Leschuck, are exactly as their own counsel described them: serial copiers, cheaters and imitators. (Doc. 101 at 1).

-4-

neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties, some courts have denied costs to both sides." Barber, 254 F.3d at 1234-35(citing Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."); Testa v. Village of Mundelein, 89 F.3d 443, 447 (7th Cir. 1996) ("Considering the mixed outcome of the civil rights and malicious prosecution claims, the decision requiring each party to bear its own costs is within that discretion."). "[W]here the court exercises its discretion[,] the identification of the prevailing party may [in the end] become so unimportant as to be almost immaterial." Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir. 1990)(internal quotation marks omitted). This case produced a mixed outcome and the court finds that there is no prevailing party for purposes of an award of costs. See Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc., 412 F. Supp.2d 571, 576 (E. D. Va. 2006).

Accordingly, each side must bear its own costs in this litigation.

### B. Attorney's Fees

The Lanham Act provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Since the court determined that this case did not produce a prevailing party, defendants' motion for attorney's fees is denied. (Doc. 107).

### III. CONCLUSION

Plaintiff's and defendants' motions for costs are denied. (Docs.

104, 105). Defendants' motion for attorney's fees is denied. (Doc. 107).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this 12th day of July 2007, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE